This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Elizama Becerra v. The TJX Companies, Inc.

| | |
|---|---|
| Case Number | 19C01-2101-CT-000009 |
| Court | Dubois Circuit Court |
| Type | CT - Civil Tort |
| Filed | 01/06/2021 |
| Status | 01/06/2021 , Pending  (active) |

## Parties to the Case

Defendant   The TJX Companies, Inc.

<u>Address</u>
334 N. Senate Ave
Indianapolis, IN 46204

<u>Attorney</u>
Louis Stanley Chronowski
*#3233145, Retained*

Seyfarth Shaw LLP
233 S. Wacker Drive
Ste 8000
Chicago, IL 60606
312-460-5368(W)

Plaintiff   Becerra, Elizama

<u>Attorney</u>
Kyle Frederick Biesecker
*#2409549, Retained*

411 Main Street
Evansville, IN 47713-0000

## Chronological Case Summary

| | |
|---|---|
| 01/06/2021 | **Case Opened as a New Filing** |

| 01/06/2021 | **Appearance Filed** |
|---|---|
| | Appearance |
| | For Party: Becerra, Elizama |
| | File Stamp: 01/06/2021 |

| 01/06/2021 | **Complaint/Equivalent Pleading Filed** |
|---|---|
| | Complaint for Damages and Request for Jury Trial |
| | Filed By: Becerra, Elizama |
| | File Stamp: 01/06/2021 |

EXHIBIT
**A**

| 01/06/2021 | **Subpoena/Summons Filed** | |
| | Summons | |
| | Filed By: | Becerra, Elizama |
| | File Stamp: | 01/06/2021 |

| 01/15/2021 | **Certificate of Service - separately filed** | |
| | Return of Service - TJX Companies | |
| | Filed By: | Becerra, Elizama |
| | File Stamp: | 01/15/2021 |

| 02/02/2021 | **Appearance Filed** | |
| | Appearance of Louis S. Chronowski, Jr. | |
| | For Party: | The TJX Companies, Inc. |
| | File Stamp: | 02/01/2021 |

| 02/02/2021 | **Complaint/Equivalent Pleading Filed** | |
| | Amended Complaint | |
| | Filed By: | Becerra, Elizama |
| | File Stamp: | 02/01/2021 |

| 02/02/2021 | **Motion for Enlargement of Time Filed** | |
| | Unopposed Motion for Extension of Time to File Responsive Pleading | |
| | Filed By: | The TJX Companies, Inc. |
| | File Stamp: | 02/01/2021 |

| 02/02/2021 | **Order Granting Motion for Enlargement of Time** | |
| | Judicial Officer: | Verkamp, Nathan A |
| | Order Signed: | 02/02/2021 |

| 02/03/2021 | **Automated ENotice Issued to Parties** | |
| | Order Granting Motion for Enlargement of Time ---- 2/2/2021 : Kyle Frederick Biesecker;Louis Stanley Chronowski | |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Becerra, Elizama**

Plaintiff

**Balance Due** (as of 02/11/2021)

**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 01/06/2021 | Transaction Assessment | 157.00 |
| 01/06/2021 | Electronic Payment | (157.00) |

STATE OF INDIANA        )
                                 ) SS:   IN THE DUBOIS CIRCUIT COURT

COUNTY OF DUBOIS     )

**19C01-2101-CT-000009**

ELIZAMA BECERRA,         )
        Plaintiff,          )
                               )
v.                            )   CAUSE NO.
                               )
THE TJX COMPANIES, INC.,   )   JURY TRIAL REQUESTED
        Defendant.        )

## **APPEARANCE**

1. The party on whose behalf this form is being filed is: Plaintiff and  the undersigned attorney and all attorneys listed on this form now appear in this case  for the following parties:  **Elizama Becerra**

2. Attorney information for service as required by Trial Rule 5(B)(2)

    Name:  Kyle F. Biesecker      Attorney Number:  24095-49
             Address: 411 Main Street
             Evansville, IN 47708
             Phone: (812) 424-1000
             FAX: (812) 424-1005
             Email Address:  kfb@bdlegal.com

3. There are No other party members.

4. This is a CT case type as defined in administrative Rule 8(B)(3).

5. I will NOT accept service by FAX at the above noted number.

6. This case DOES NOT involve child support issues.

7. There are NO related cases.

8. This form has been served on all other parties and Certificate of Service is attached.

9. There is no additional information required by local rule.

                             /s/Kyle F. Biesecker
                             Kyle F. Biesecker

**EXHIBIT**

**1**

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing or attached Court Record or document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative 9(G).

/s/Kyle F. Biesecker
Kyle F. Biesecker

Dubois Circuit Court

STATE OF INDIANA            )
                           ) SS:   IN THE DUBOIS CIRCUIT COURT
COUNTY OF DUBOIS           )


ELIZAMA BECERRA,                    )
            Plaintiff,              )
                                   )          **19C01-2101-CT-000009**
v.                                  )   CAUSE NO.
                                   )
THE TJX COMPANIES, INC.,            )   JURY TRIAL REQUESTED
            Defendant.             )


### COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

For her Complaint against The TJX Companies, Inc. d/b/a T.J. Maxx

("Defendant"), Elizama Becerra ("Plaintiff"), alleges the following:

### FACTUAL ALLEGATIONS

1.      Plaintiff, currently and during the relevant timeframe, resided in Jasper,

Dubois County, Indiana.

2.      Defendant is a Foreign For-Profit Corporation that maintains facilities and

conducts business within Dubois County, Indiana. As such, jurisdiction and venue is

proper for this Court.

3.      Defendant's Registered Agent is CT Corporation System, 334 N. Senate

Ave., Indianapolis, IN 46204.

4.      Plaintiff was hired by the Defendant on or about September 5, 2019, as a

Backroom Coordinator at its Jasper, Indiana location.

5.      Plaintiff was an at-will employee of the Defendant.

**EXHIBIT**

**2**

6.      Plaintiff was supervised by Defendant's Backroom Manager – Meredina [last name unknown] ("Meredina") and Defendant's Store Manager – Katie Lowe ("Lowe").

7.      Throughout the tenure of her employment, Plaintiff met or exceeded all of Defendant's legitimate performance expectations.

8.      During her tenure, a co-worker, Norma Corrales-Ochoa ("Ochoa"), suffered a workplace injury. Plaintiff instructed her to contact management and file a worker's compensation claim; however, Defendant's management refused to allow her to do so.

9.      On or about October 19, 2019, Plaintiff was assigned to pull pallets and offload heavy boxes. While performing her job duties, she suffered a severe workplace injury to her shoulder and arm – an injury for which that she is still receiving treatment.

10.     Plaintiff kept working on the 19th, but woke up the next morning in severe pain. Plaintiff called off from work on the 21st and went to Jasper Memorial Hospital for treatment. Plaintiff's doctor took her off work for 3 days and referred her to a Specialist.

11.     Next, Plaintiff returned to work with her arm in a sling. Lowe asked her what happened and Plaintiff informed her of her workplace injury and asked Lowe to review the camera video of her accident.

12.     To Plaintiff's knowledge, Lowe did not review the video and, more importantly, Lowe never offered to complete a workplace injury report or worker's compensation claim for Plaintiff.

13.     Plaintiff was off work for 2 days. Upon her return, Lowe assigned Plaintiff

to the backroom to unload pallets and boxes even though her arm was in a sling.

14.     Plaintiff was given medical restrictions from her treating physician – Dr. Norris.

15.     Plaintiff was in too much pain to work and called Lowe to discuss her injury and the fact that her paychecks were wrong – the Defendant had her paychecks listed as "single – no children" when Plaintiff was married with 2 children.

16.     During the meeting Plaintiff explained to Lowe that her husband's insurance would only cover up to 20% of her workplace injury, she begged Lowe to fill out a worker's compensation report, and told her she felt like she was being retaliated against for having a workplace injury.  Initially, Lowe refused to complete a report and Plaintiff informed her that she was required to do so – by law.

17.     Additionally, Plaintiff brought up the fact that Lowe did not allow Ochoa to fill out a worker's compensation report. Finally, Lowe relented and allowed Plaintiff to fill out a worker's compensation report.

18.     Shortly thereafter, Plaintiff spoke with the Defendant worker's compensation insurance Adjustor.  Plaintiff asked is the Adjustor planned to take a recorded statement – as per custom – and the Adjustor responded – no, because Lowe already told him what happened.

19.     The following Monday, Plaintiff was called into a meeting with Lowe and Mallory.  She was informed that she "needed to find another job" or she needed to go to the sales floor where her hourly wage would be cut from $13 per hour to $9 per hour.

20.     Plaintiff told Meredina and Lowe that she wanted all of their

actions/demands "in writing" and that she knew these actions were being taken against her due to her workplace injury.  Lowe and Meredina responded that they would take the issues to "corporate."

21.     About 2 hours later, Lowe and Meredina informed Plaintiff that they had spoken to Corporate and they would not be cutting her hourly pay.

22.     On or about October 31, 2019, Lowe and Meredina took Plaintiff to the office and said that they did not have any of her hiring records or paperwork and she was going to have to start the hiring process over and complete the paperwork all over again and she needed to put her date of hire as October 31, 2019, which was after the date of her injury.   Plaintiff refused.

23.     From that point, the harassment ramped up.  Meredina and Lowe would follow Plaintiff around the store, were constantly having her paged, and were having other employees follow her and report back to them.

24.     Moreover, all of the backroom work was left for Plaintiff to perform.  A co-worker, Jed [last name unknown] told Plaintiff that no one was working in back, all of the work was being left for her, and that there were 17 pallets that needed to be unloaded.

25.     Plaintiff was also informed that the Defendant has contacted its worker's compensation insurance carrier and told it that Plaintiff needed to be investigated for worker's compensation fraud.

26.     Defendant's District Manager, George Saunders ("Saunders"), came into the store on 3 different occasions and pressured Plaintiff to complete the fraudulent

hiring paperwork.

27.     On or about November 13, 2019, Saunders called Plaintiff into the office, locked the door, would not let her leave, and told her that she needed to complete all of her new hire paperwork – which included an incorrect/fraudulent start date of October 31, 2019 or she would be fired. Of course, Plaintiff refused and she was fired.

28.     Plaintiff believes that the Defendant intentionally erased all of her original paperwork and camera video to avoid being liable for her workplace injury.

29.     Plaintiff has suffered the loss of her job and monetary losses associated therewith.

## CAUSE OF ACTION

### Count I. Violation of Indiana Common Law

30.     Plaintiff incorporates the Factual Allegations set forth above.

31.     Plaintiff was an at-will employee and had a statutory right to file a worker's compensation claim.

32.     Plaintiff exercised her statutory right.

33.     Defendant terminated Plaintiff's employment for exercising her statutory right.

34.     Defendant's actions are an exception to Indiana's "at-will" employment doctrine and give rise to a claim commonly known as a "*Frampton*" claim.

35.     Plaintiff has suffered damages as a result of Defendant's actions.

### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and the following relief:

1.      Reinstatement along with concomitant seniority, schedule and benefits or front pay in lieu thereof;

2.      Payment of all lost wages and benefits;

3.      Compensatory damages, including damages for humiliation, physical, emotional and mental distress;

5.      Punitive damages;

6.      Pre- and post-judgment interest;

7.      All costs and attorney fees incurred in litigating this action; and

8.      Any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

Biesecker Dutkanych & Macer, LLC


By:____*s/Kyle F. Biesecker*_____
            Kyle F. Biesecker, #24095-49
            411 Main St.
            Evansville, IN 47708
            Phone: (812) 424-1000
            Fax: (812) 424-1005
            Email: kfb@bdlegal.com

## CERTIFICATION OF COMPLIANCE OF PLEADINGS
## WITH TRIAL RULE 5(G) AND CERTIFICATE OF SERVICE

I hereby certify that the foregoing or attached Court Record or document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative 9(G).


_s/Kyle F. Biesecker_____
Kyle F. Biesecker

STATE OF INDIANA               )
                               ) SS:   IN THE DUBOIS CIRCUIT COURT
COUNTY OF DUBOIS               )

ELIZAMA BECERRA,                    )
                Plaintiff,          )
                                    )
v.                                  )      CAUSE NO. 19C01-2101-CT-000009
                                    )
THE TJX COMPANIES, INC.,            )
                Defendant.          )      JURY TRIAL REQUESTED

## NOTICE OF FILING OF PROOF OF SERVICE

COMES NOW, Kyle F. Biesecker, of the law firm of Biesecker Dutkanych & Macer, LLC, and files this *Notice of Filing of Proof of Service of Plaintiff's Complaint for Damages and Request for Jury Trial.*

Respectfully submitted,

/s/ Kyle F. Biesecker
Kyle F. Biesecker, Atty #24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email:      kfb@bdlegal.com
*Attorneys for Plaintiff*

EXHIBIT
3



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The TJX Companies, Inc.
C/o CT Corporation System
334. N. Senate Ave
Indianapolis, IN 46204.

9590 9402 3567 7305 2484 88

2. Article Number (Transfer from service label)

7019 0010 0000 5872 8808

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1.72.21

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Delivery Restricted Delivery
☐ Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**USPS TRACKING #**



INDIANAPOLIS IN 460

12 JAN 2021 PM 3 L

9590 9402 3567 7305 2484 88

Becerra

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Kyle Biesecker
411 Main Street
Evansville, IN 47708**

STATE OF INDIANA       )
                          ) SS:   IN THE DUBOIS CIRCUIT COURT
COUNTY OF DUBOIS     )

ELIZAMA BECERRA,           )
         Plaintiff,          )
                          )
v.                        )   CAUSE NO. 19C01-2101-CT-000009
                          )
THE TJX COMPANIES, INC.,   )   JURY TRIAL REQUESTED
         Defendant.       )

## AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

For her Amended Complaint against The TJX Companies, Inc. d/b/a T.J. Maxx ("Defendant"), Elizama Becerra ("Plaintiff"), alleges the following:

### FACTUAL ALLEGATIONS

1.      Plaintiff, currently and during the relevant timeframe, resided in Jasper, Dubois County, Indiana.

2.      Defendant is a Foreign For-Profit Corporation that maintains facilities and conducts business within Dubois County, Indiana. As such, jurisdiction and venue is proper for this Court.

3.      Defendant's Registered Agent is CT Corporation System, 334 N. Senate Ave., Indianapolis, IN 46204.

4.      Plaintiff was hired by the Defendant on or about September 5, 2019, as a Backroom Coordinator at its Jasper, Indiana location.

5.      Plaintiff was an at-will employee of the Defendant.

**EXHIBIT**

**4**

6.      Plaintiff was supervised by Defendant's Backroom Manager – Meredina [last name unknown] ("Meredina") and Defendant's Store Manager – Katie Lowe ("Lowe").

7.      Throughout the tenure of her employment, Plaintiff met or exceeded all of Defendant's legitimate performance expectations.

8.      During her tenure, a co-worker, Norma Corrales-Ochoa ("Ochoa"), suffered a workplace injury. Plaintiff instructed her to contact management and file a worker's compensation claim; however, Defendant's management refused to allow her to do so.

9.      On or about October 19, 2019, Plaintiff was assigned to pull pallets and offload heavy boxes. While performing her job duties, she suffered a severe workplace injury to her shoulder and arm – an injury for which that she is still receiving treatment.

10.     Plaintiff kept working on the 19th, but woke up the next morning in severe pain. Plaintiff called off from work on the 21st and went to Jasper Memorial Hospital for treatment. Plaintiff's doctor took her off work for 3 days and referred her to a Specialist.

11.     Next, Plaintiff returned to work with her arm in a sling. Lowe asked her what happened and Plaintiff informed her of her workplace injury.

12.     To Plaintiff's knowledge, Defendant did not review the video and, more importantly, Lowe never offered to complete a workplace injury report or worker's compensation claim for Plaintiff.

13.     Plaintiff was off work for 2 days. Upon her return, Lowe assigned Plaintiff to the backroom to unload pallets and boxes even though her arm was in a sling.

14.     Plaintiff was given medical restrictions from her treating physician – Dr. Norris.

15.     Plaintiff was in too much pain to work and called Lowe to discuss her injury and the fact that her paychecks were wrong – the Defendant had her paychecks listed as "single – no children" when Plaintiff was married with 2 children.

16.     During the meeting Plaintiff explained to Lowe that her husband's insurance would only cover up to 80% of her workplace injury, she begged Lowe to fill out a worker's compensation report, and told her she felt like she was being retaliated against for having a workplace injury.  Initially, Lowe refused to complete a report and Plaintiff informed her that she was required to do so – by law.

17.     Additionally, Plaintiff brought up the fact that Meredina did not allow Ochoa to fill out a worker's compensation report. Finally, Lowe relented and allowed Plaintiff to fill out a worker's compensation report.

18.     Shortly thereafter, Plaintiff spoke with the Defendant worker's compensation insurance Adjustor.  Plaintiff asked is the Adjustor planned to take a recorded statement – as per custom – and the Adjustor responded – no, because Lowe already told him what happened.

19.     The following Monday, Plaintiff was called into a meeting with Lowe and Meredina.  She was informed that she was not doing a good job, that she had brought close to the back with intentions of stealing them and that she "needed to find another job" or she needed to go to the sales floor where her hourly wage would be cut from $13 per hour to $9 per hour.

20.     Plaintiff told Meredina and Lowe that she was putting the clothes in the back to hold and buy at the end of the day – like other employees do, wanted all of their actions/demands "in writing" and that she knew these actions were being taken against her due to her workplace injury and that was against the law.  Lowe and Meredina responded that they would take the issues to "corporate."

21.     About 2 hours later, Lowe and Meredina informed Plaintiff that they had spoken to Corporate and they would not be cutting her hourly pay.

22.     On or about October 31, 2019, Lowe and Meredina took Plaintiff to the office and said that they did not have any of her hiring records or paperwork and she was going to have to start the hiring process over and complete the paperwork all over again and she needed to put her date of hire as October 31, 2019, which was after the date of her injury.   Plaintiff refused.

23.     From that point, the harassment ramped up.  Meredina and Lowe would follow Plaintiff around the store, were constantly having her paged, and were having other employees follow her and report back to them.

24.     A co-worker, Jed [last name unknown] told Plaintiff that no one was working in back and that a company came in and deleted all of the videos from the cameras – Black Box.

25.     Plaintiff was also informed that the Defendant has contacted its worker's compensation insurance carrier and told it that Plaintiff needed to be investigated for worker's compensation fraud.

26.     Defendant's District Manager, George Saunders ("Saunders"), came into

the store on 3 different occasions and pressured Plaintiff to complete the fraudulent hiring paperwork.

27.     On or about November 13, 2019, Saunders called Plaintiff into the office, locked the door, would not let her leave, and told her that she needed to complete all of her new hire paperwork – which included an incorrect/fraudulent start date of October 31, 2019 or she would be fired. Of course, Plaintiff refused and she was fired.

28.     Plaintiff believes that the Defendant intentionally erased all of her original paperwork and camera video to avoid being liable for her workplace injury.

29.     Plaintiff has suffered the loss of her job and monetary losses associated therewith.

### CAUSE OF ACTION

### Count I. Violation of Indiana Common Law

30.     Plaintiff incorporates the Factual Allegations set forth above.

31.     Plaintiff was an at-will employee and had a statutory right to file a worker's compensation claim.

32.     Plaintiff exercised her statutory right.

33.     Defendant terminated Plaintiff's employment for exercising her statutory right.

34.     Defendant's actions are an exception to Indiana's "at-will" employment doctrine and give rise to a claim commonly known as a "*Frampton*" claim.

35.     Plaintiff has suffered damages as a result of Defendant's actions.

## <u>JURY DEMAND AND PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests a jury trial and the following relief:

1.     Reinstatement along with concomitant seniority, schedule and benefits or front pay in lieu thereof;

2.     Payment of all lost wages and benefits;

3.     Compensatory damages, including damages for humiliation, physical, emotional and mental distress;

5.     Punitive damages;

6.     Pre- and post-judgment interest;

7.     All costs and attorney fees incurred in litigating this action; and

8.     Any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

Biesecker Dutkanych & Macer, LLC

By:____*s/Kyle F. Biesecker*_____
      Kyle F. Biesecker, #24095-49
      411 Main St.
      Evansville, IN 47708
      Phone: (812) 424-1000
      Fax: (812) 424-1005
      Email: kfb@bdlegal.com

## CERTIFICATION OF COMPLIANCE OF PLEADINGS
## WITH TRIAL RULE 5(G) AND CERTIFICATE OF SERVICE

I hereby certify that the foregoing or attached Court Record or document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative 9(G).


_s/Kyle F. Biesecker_____
Kyle F. Biesecker

STATE OF INDIANA                    )
                                    ) SS:     IN THE DUBOIS CIRCUIT COURT
COUNTY OF DUBOIS                    )

ELIZAMA BECERRA,

    Plaintiff,

  v.                                              Case No. 19C01-2101-CT-000009

THE TJX COMPANIES, INC..

    Defendant.

_____

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating ____          Responding <u>X</u>          Intervening _____; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party___<u>Defendant The TJX Companies, Inc.</u>_____

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name: __<u>Louis S. Chronowski</u>_____ Atty Number: __<u>32331-45</u>_____
   Address: __<u>Seyfarth Shaw LLP</u>_____
   <u>233 South Wacker Drive, Suite 8000, Chicago, Illinois 60606</u>_____
   Phone: ___<u>312-460-5368</u>_____
   FAX: __<u>312-460-7568</u>_____
   Email Address: <u>lchronowski@seyfarth.com</u>_____

   *(List on continuation page additional attorneys appearing for above party)*

3. This is a ___<u>CT</u>_____ case type as defined in administrative Rule 8(B)(3).

4. I will accept service from other parties by:

    FAX at the above noted number: Yes ____ No _<u>X</u>__

    Email at the above noted number: Yes _<u>X</u>__ No ____

**EXHIBIT
5**

*5.* This case involves child support issues. Yes _____ No _X_ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**.  Use Form TCM-TR3.1-4.)*

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _X_  *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____          Attorney's address

_____          The Attorney General Confidentiality program address

                          (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

_____          Another address (provide)

_____

7.  This case involves a petition for involuntary commitment.  Yes _____ No _X_

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b.  State of Residence of person subject to petition: _____

c.  At least one of the following pieces of identifying information:
   (i)   Date of Birth _____
   (ii)  Driver's License Number _____
         State where issued _____ Expiration date _____
   (iii) State ID number _____
         State where issued _____ Expiration date _____
   (iv)  FBI number _____
   (v)   Indiana Department of Corrections Number _____
   (vi)  Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

9.  There are related cases: Yes _____ No _X_ *(If yes, list on continuation page.)*

10. Additional information required by local rule:

_____

11. There are other party members: Yes _____ No_____ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes__X__ No___

          __*s/ Louis S. Chronowski*_____
                Attorney-at-Law
                (Attorney information shown above.)

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on **February 1, 2021**, I electronically filed the foregoing with the Clerk of the Court using the Indiana E-Filing System ("IEFS") and that the foregoing document was served upon the following counsel of record using the service contacts entered in the IEFS.

> Kyle F. Biesecker, #24095-49
> 411 Main Street
> Evansville, Indiana 47708
> Phone: (812) 424-1000
> Fax: (812) 424-1005
> Email: kfb@bdlegal.com

> */s/ Louis S. Chronowski*

STATE OF INDIANA          )
                          ) SS:     IN THE DUBOIS CIRCUIT COURT
COUNTY OF DUBOIS          )

ELIZAMA BECERRA,

               Plaintiff,

    v.                                                    Case No. 19C01-2101-CT-000009

THE TJX COMPANIES, INC.,

               Defendant.

## <u>UNOPPOSED MOTION FOR<br>EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD</u>

COMES NOW Defendant THE TJX COMPANIES, INC. ("Defendant"), by and through its counsel, and respectfully requests an additional thirty (30) days in which to answer or otherwise respond to Plaintiff's Complaint.  In support of its motion, Defendant states as follows:

1.      Pursuant to Indiana Trial Rule 6(B)(1), "When an act is required or allowed to be done at or within a specific time by these rules, the Court may at any time for cause shown; order the period enlarged, with or without motion or notice, if request is therefore made before the expiration of the period originally prescribed or extended by a previous order…"

2.      Plaintiff filed the Complaint in his matter on January 6, 2021.  Defendant received service of the Complaint on Summons on January 12, 2021, and its responsive pleading is due February 1, 2021.

3.      This request for an extension is being made prior to the expiration of the period originally prescribed under Indiana Trial Rule 6(C).

4.      Plaintiff does not oppose Defendant's request for an extension and no party will be prejudiced by the request.

5.      Defendant's request is made to allow it to investigate and respond to Plaintiff's claims and not for any improper purpose.

**EXHIBIT
6**

WHEREFORE, Defendant THE TJX COMPANIES, INC. respectfully requests that the

Court grant an additional thirty (30) days for it to respond to Plaintiff's Complaint, up to and

including March 1, 2021.

By:    */s/ Louis S. Chronowski*
Louis S. Chronowski, #32331-45
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
312-460-5000
Fax: 312-460-7000
lchronowski@seyfarth.com

STATE OF INDIANA      )
                               ) SS:    IN THE DUBOIS CIRCUIT COURT

COUNTY OF DUBOIS     )

ELIZAMA BECERRA,

            Plaintiff,

      v.                                     Case No. 19C01-2101-CT-000009

THE TJX COMPANIES, INC..

            Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Dubois County Online Docket Electronic Filing System which sent notification of such filing to the following parties or attorneys who are registered for electronic filing and service in the case:

> Kyle F. Biesecker, #24095-49
> 411 Main Street
> Evansville, Indiana 47708
> Phone: (812) 424-1000
> Fax: (812) 424-1005
> Email: kfb@bdlegal.com

Dated: February 1, 2021          /s/ Louis S. Chronowski
                                   *Attorney for Defendant*

STATE OF INDIANA )
                 ) SS:   IN THE DUBOIS CIRCUIT COURT
COUNTY OF DUBOIS )

ELIZAMA BECERRA,

          Plaintiff,

     v.                                    Case No. 19C01-2101-CT-000009

THE TJX COMPANIES, INC.,

          Defendant.

## [PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

WHEREAS, Defendant filed an unopposed motion for extension of time to file a responsive pleading on February 1, 2021, and Plaintiff filed an amended complaint on the same day, the Court being advised, IT IS HEREBY ORDERED THAT

Defendant is granted until March 1, 2021 to file a response to Plaintiff's amended complaint.

SO ORDERED: **February 2, 2021**

_____
Judge, Dubois County Circuit Court

EXHIBIT

7

STATE OF INDIANA   )
          ) SS:  IN THE DUBOIS CIRCUIT COURT
COUNTY OF DUBOIS  )

ELIZAMA BECERRA,

    Plaintiff,

  v.

             Case No. 19C01-2101-CT-000009

THE TJX COMPANIES, INC..

    Defendant.

### CERTIFICATE OF SERVICE

   I hereby certify that on February 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Dubois County Online Docket Electronic Filing System which sent notification of such filing to the following parties or attorneys who are registered for electronic filing and service in the case:

       Kyle F. Biesecker, #24095-49
       411 Main Street
       Evansville, Indiana 47708
       Phone: (812) 424-1000
       Fax: (812) 424-1005
       Email: kfb@bdlegal.com

   Dated: February 2, 2021    /s/ Louis S. Chronowski
               *Attorney for Defendant*